UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EZDIHAR H. SULEIMAN,

                Plaintiff,

    -vs-                    **No. 6:17-CV-06426 (MAT)**
                                   **DECISION AND ORDER**
NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                Defendant.

---

## I. Introduction

Represented by counsel, plaintiff Ezdihar H. Suleiman ("Plaintiff") brings this action pursuant to Title II of the Social Security Act (the "Act"), seeking review of the final decision of defendant the Acting Commissioner of Social Security (the "Commissioner" or "Defendant") denying her application for disability insurance benefits ("DIB"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is granted to the extent that this case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order, and the Commissioner's motion is denied.

## II. Procedural History

Plaintiff protectively filed an application for DIB on November 22, 2013, alleging disability as of November 21, 2013 due

to arthritis. Administrative Transcript ("T.") 19, 54-55. Plaintiff's application was initially denied. T. 63-65. At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") John Costello on January 26, 2016, at which Plaintiff appeared with a non-attorney representative. T. 30-53. On February 25, 2016, the ALJ issued an unfavorable decision. T. 16-29. On May 4, 2017, the Appeals Council denied Plaintiff's request for review, making the ALJ's determination the Commissioner's final decision. T. 1-6. This action followed.

**III. The ALJ's Decision**

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520, 416.920. Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2017. T. 21. At step one of the five-step sequential evaluation, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since November 21, 2013, the alleged onset date. *Id*.

At step two, the ALJ found that Plaintiff suffered from the severe impairments of rheumatoid arthritis of the knees and rheumatoid arthritis of the shoulders. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment. *Id*. The ALJ particularly considered Listing

2

14.09 (inflammatory arthritis) in reaching this conclusion. T. 21-22.

Before proceeding to step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) with the following additional nonexertional limitations: is frequently able to engage in overhead reaching and is never able to climb ladders. T. 22.

At step four, the ALJ found that Plaintiff had no past relevant work. T. 24. At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of photo machine operator and laundry sorter. T. 24-25. Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. T. 25.

**IV. Discussion**

    **A. Scope of Review**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).

"Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (internal quotation omitted). Although the reviewing court must scrutinize the whole record and examine evidence that supports or detracts from both sides, *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted), "[i]f there is substantial evidence to support the [Commissioner's] determination, it must be upheld." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

Here, Plaintiff contends that remand of this matter for further administrative proceedings is required because (1) the ALJ failed to properly develop the record, (2) the ALJ failed to properly consider the opinion of treating physician Dr. Maureen Perry, (3) the ALJ's RFC finding is not supported by substantial evidence, (4) the ALJ's step five finding is not supported by the VE's testimony, and (5) the ALJ failed to properly assess Plaintiff's credibility. For the reasons discussed below, the Court agrees with Plaintiff that the ALJ failed to appropriately develop the record in this case and that the ALJ failed to appropriately assess Dr. Perry's opinion. Accordingly, remand of this matter for further administrative proceedings is appropriate.

4

B.  **Failure to Develop the Record**

Plaintiff contends that the ALJ failed to fulfill his duty to develop the record. In particular, Plaintiff points out that despite her testimony that she had been referred to physical therapy by her rheumatologist and that treatment notes from the relevant time period indicate that Plaintiff had undergone physical therapy (*see* T. 47, 234), the ALJ failed to seek out or obtain physical therapy records. Additionally, the record indicates that Plaintiff saw an orthopedist in 2013. *See* T. 239. Indeed, in November 2013, Dr. Gregg Nicandri of URMC Orthopaedics and Rehab authorized and ordered x-rays of Plaintiff's knees. T. 226. However, the record is devoid of any treatment records from Dr. Nicandri or any other orthopedist Plaintiff may have seen in 2013.

"Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record." *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996) (internal citation omitted). "This duty arises from the Commissioner's regulatory obligations to develop a complete medical record before making a disability determination," *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996), and requires the ALJ to take affirmative steps "where there are deficiencies in the record," *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999). In particular, "[t]he ALJ has an affirmative duty to fill any obvious

5

gaps in the administrative record." *Wilson v. Colvin*, 107 F. Supp. 3d 387, 403 (S.D.N.Y. 2015).

In this case, the administrative record contained obvious gaps, as discussed above. The ALJ was on notice that Plaintiff had undergone physical therapy and had been treated by an orthopedist in 2013, yet the ALJ did not have any of the medical records related to these treatments. The ALJ was therefore under an affirmative duty to attempt to fill these gaps and to obtain these records.

The Commissioner contends that the ALJ was not required to further develop the record because he already had sufficient evidence to make a determination as to disability. However, this argument is belied by the ALJ's own decision. In particular, the Court notes that the ALJ's determination was based, in part, on his conclusion that Plaintiff had "not received the type of medical treatment one would expect for a totally disabled individual" and on the fact that "[t]he record contains very few treatment records." T. 24. Where the ALJ has based his conclusions on the alleged absence of medical treatment, it is reversible error to fail to fully develop the record.

"When circumstances point to the probable existence of probative and necessary evidence, which has not been furnished by the claimant, the failure of an ALJ to ask further questions, request additional records, or contact treating sources amount to neglect of the ALJ's duty to develop the record." *Chandler v.*

6

*Comm'r of Soc. Sec.*, No. 11-CV-152 DRH, 2012 WL 1935182, at *9 (N.D.N.Y. May 29, 2012) (internal quotation omitted). Here, the ALJ failed to appropriately develop the record regarding Plaintiff's physical therapy and orthopedic treatment and, as such, remand of this matter for additional administrative proceedings is necessary.

**C. Consideration of Dr. Perry's Opinion**

Plaintiff also argues that the ALJ erred in his consideration of the opinion of treating physician Dr. Perry. For the reasons discussed below, the Court agrees.

The treating physician rule, which was in effect at the time the ALJ issued his decision in this case, provides that a treating physician's opinion is generally entitled to "controlling weight" when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2); *see also Green-Younger*, 335 F.3d at 106. An ALJ may give less than controlling weight to a treating physician's opinion if it does not meet this standard, but must "comprehensively set forth [his or her] reasons for the weight assigned to a treating physician's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); *see also* 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion."). The ALJ is required to consider "the length of the treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; the relevant

evidence, particularly medical signs and laboratory findings, supporting the opinion; the consistency of the opinion with the record as a whole; and whether the physician is a specialist in the area covering the particular medical issues" in determining how much weight to afford a treating physician's opinion. *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (quotation marks, alterations, and citations omitted); *see also* 20 C.F.R. §§ 404.1527(c)(1)-(6). However, the ALJ need not expressly discuss each of these factors, so long as his "reasoning and adherence to the regulation are clear." *Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013) (citing *Halloran*, 362 F.3d at 31–32).

In this case, the ALJ's assessment of the weight ot be given to Dr. Perry's opinion was based on a factual error. The ALJ stated that Dr. Perry had "apparently only examined [Plaintiff] once" and should therefore be considered only an examining source but not a treating source. T. 24. The ALJ went on to state that even if Dr. Perry were considered a treating source, she had "a very limited treatment history with [Plaintiff]." *Id*. This was incorrect and a mischaracterization of the record. Dr. Perry's office submitted medical records going back to 2008, with observations of bilateral knee pain as early as April 2009. T. 214-15. The record thus shows that, contrary to the ALJ's statements, Dr. Perry was a treating physician of many years, and her opinion was required to be assessed in that light.

The Commissioner acknowledges the ALJ's factual error with respect to Dr. Perry, but contends that it was harmless. However,

8

the Court notes that the length of the treating relationship and the frequency of examination are factors that the ALJ is expressly required to consider in assessing a treating physician's opinion. Here, the ALJ cannot have done so, because he incorrectly found that Dr. Perry had examined Plaintiff only once. It would be sheer speculation for this Court to conclude that, had the ALJ based his assessment on the correct facts, he would have ultimately reached the same conclusion regarding Dr. Perry's opinion. "This Court cannot re-weigh the evidence on the ALJ's behalf or create a *post-hoc* explanation" for his decision to afford Dr. Perry's opinion little weight. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 234 (N.D.N.Y. 2012).

As such, the Court concludes that the ALJ's failure to appropriately assess Dr. Perry's opinion provides a further basis for remand. On remand, the ALJ is instructed to appropriately assess Dr. Perry's opinion, taking into account her long-term treating relationship with Plaintiff.

### D. **Plaintiff's Other Arguments**

Plaintiff has also argued that the ALJ's RFC finding was not supported by substantial evidence, that the ALJ's step five finding was not supported by the VE's testimony, and that the ALJ failed to properly assess Plaintiff's credibility. Having determined that remand of this matter for further administrative proceedings is necessary, the Court need not and does not reach these arguments.

9

**V. Conclusion**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 11) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. In light of the fact that Plaintiff's application was initially filed in November 2013 (nearly five years ago), on remand, the administrative proceedings shall be conducted on an expedited basis, to be completed no later than December 31, 2018. The Commissioner's motion for judgment on the pleadings (Docket No. 13) is denied. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**
HON. MICHAEL A. TELESCA
United States District Judge

Dated:   June 1, 2018
         Rochester, New York.